```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

FLOYD R. MAXEY,                       )
                                      )
            Plaintiff,                )
                                      )
v.                                    )   Case No. CIV-14-293-RAW-KEW
                                      )
CAROLYN W. COLVIN, Acting             )
Commissioner of Social                )
Security Administration,              )
                                      )
            Defendant.                )

**REPORT AND RECOMMENDATION**

Plaintiff Floyd R. Maxey (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 30, 1965 and was 46 years old at the time of the ALJ's decision. Claimant completed his high school education as well as training as a welder. Claimant has worked in the past as a dump truck driver and correctional officer. Claimant

3

alleges an inability to work beginning March 31, 2010 due to limitations resulting from pain in the knees, feet, and back.

## Procedural History

On August 13, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard, II ("ALJ") on August 30, 2012 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on March 27, 2013. On June 9, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) ignoring and rejecting the opinion of the consultative physician regarding work-related limitations; and (2) failing to perform a proper step four

4

analysis.

**Consideration of the Consultative Examiner's Opinion**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the back and late effects of musculoskeletal injuries. (Tr. 13). He concluded that Claimant retained the RFC to perform his past relevant work as a correctional officer, which he classified at a light exertional level. (Tr. 19-20). The ALJ also found Claimant retained the RFC to perform medium work except that he could not climb ladders, ropes, or scaffolds. He could climb stairs and/or ramps occasionally, he should not balance, stoop, crouch, crawl, and/or kneel more than occasionally, and he should not reach overhead more than occasionally. (Tr. 14). Based upon these findings, the ALJ concluded Claimant was not disabled from March 31, 2010 through the date of the decision. (Tr. 20).

Claimant contends the ALJ failed to properly evaluate the opinion of Dr. Ronald Schatzman, a consultative physician, with regard to Claimant's work-related limitations. On January 26, 2011, Dr. Schatzman conducted an examination of Claimant. He acknowledged Claimant's fractures of both of his knees and ankles in separate accidents, a severe head injury, hospitalizations for severe back pain, surgery on his right foot, and chest pain. (Tr.

5

311). Claimant reported neck pain, upper and low back pain, joint pain, and muscle spasms. (Tr. 312).

Among his musculoskeletal findings, Dr. Schatzman determined Claimant had extreme tenderness over the dorsum of his right foot. Claimant experienced decreased range of motion in both knees and tenderness and muscle spasms in his ankles. Claimant's lumbar-sacral spine was tender with limited range of motion associated with pain and muscle spasms. Claimant walked with a slight steppage gait and was wearing bilateral ankle braces. His gait was painful to appearance as he got out of the car to walk into the office. His gait, however, was safe and stable with slow speed. He did not use additional walking aids. Dr. Schatzman believed insoles and special shoes would improve his gait and his pain. He had not identifiable muscle atrophy and his heel/toe walking could not be performed secondary to his ankles. (Tr. 313). Dr. Schatzman concluded that Claimant had "significant impairment of ambulation. (Tr. 314).

The ALJ recognized Dr. Schatzman's findings of limited range of motion in both knees and the fact he wore ankle braces. He noted Dr. Schatzman's finding that Claimant walked with a slight steppage gait and could not perform heel/toe walking. The ALJ did not reference Claimant's slow, painful appearing gait or that Dr.

6

Schatzman found Claimant had a "significant impairment of ambulation." (Tr. 17).

The ALJ gave a somewhat tepid endorsement of Dr. Schatzman's and the other consultative examiners' opinions. He agreed "generally with their analyses" but found their conclusions to be "somewhat conservative" and that Claimant's true RFC allowed medium work. (Tr. 18). The ALJ is required to state the weight afforded to consultative examiners' opinions. "It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions," including the opinions of state agency medical consultants. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012). The ALJ failed to adequately state the comparative weight of the opinions. Moreover, the ALJ failed to reference Dr. Schatzman's findings on ambulation and, therefore, effectively rejected them without explanation. Clearly, the ALJ found Claimant was capable of performing medium to light work - both of which require standing or walking for a total of approximately 6 hours in an 8 hour workday, a function which could be affected by Dr. Schatzman's findings on Claimant's limitation in ambulation. On remand, the ALJ shall consider the totality of Dr. Schatzman's opinion and consider the effect of his findings upon Claimant's RFC.

7

**Step Four Analysis**

Claimant also asserts that the ALJ failed to properly analyze his ability to engage in his past relevant work at step four. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must determine the claimant's RFC. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). Upon proper consideration of Dr. Schatzman's opinion, the ALJ's RFC assessment may be altered significantly. As a result, the ALJ's findings in this first phase will need to be re-evaluated on remand.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. <u>Id</u>. The ALJ attempted to set forth the requirements of Claimant's past relevant work as a correctional officer, including a finding that the job represented work at the light exertional level while Claimant performed it. (Tr. 19-20). Claimant contends the ALJ's discussion of the job was not accurate in that he stated Claimant's past job only required him to climb stairs occasionally when, in fact, the job required him to climb for a total of 4 to 6 hours in a workday. (Tr. 34-35, 42, 203, 205). Additionally, while the vocational expert testified Claimant could not perform the job of correctional officer as it is normally performed in the national economy, he could perform it as he

previously did. (Tr. 53-56). If, however, Claimant is unable to climb stairs which represents 4 to 6 hours of his past relevant work as he performed it, the vocational expert's assumptions regarding his testimony and Claimant's ability to perform his work was erroneous. On remand, the ALJ shall consider the demands of Claimant's past relevant work and whether he can perform it.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. <u>Winfrey</u>, 92 F.3d at 1023. Since both the first and second phases were erroneously evaluated, the ALJ shall reconsider his findings in the third phase on remand.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.

Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 22nd day of April, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE